IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RODERICK T. ALLEN, # N-94327, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-348-JPG |
| ) | |
| DR. NATHAN CHAPMAN, ) | |
| and DR. OVERALL, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for review of Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP Motion") (Doc. 6). Plaintiff has accumulated more than three "strikes" by filing lawsuits that were dismissed for failure to state a claim upon which relief may be granted or for raising frivolous claims.[1] Under the circumstances, he may not proceed *in forma pauperis* in a new civil action unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). Plaintiff's pleadings describe no such threat. For the reasons set forth below, the pending IFP Motion shall be **DENIED** and the case shall be **DISMISSED**.

**The Complaint**

Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 on March 18, 2014 (Doc. 1). In the complaint, he claims that two dentists at Menard Correctional Center ("Menard"), Dr. Chapman and Dr. Overall, refused his request for "pharmaceutically based treatment for gum disease" (Doc. 1, pp. 1-2). Both denied that such treatment exists. Instead, they treated

---

[1] *Allen v. Chapman, et al.*, Case No. 11-cv-1130-MJR (S.D. Ill., dismissed Aug. 29, 2012); *Allen v. Godinez, et al.*, Case No. 12-cv-936-GPM (S.D. Ill., dismissed Oct. 18, 2012); *Allen v. Harrington*, Case No. 13-cv-725-GPM (S.D. Ill., dismissed Aug. 22, 2013); and *Allen v. Bower, et al.*, Case No. 13-cv-931-MJR (S.D. Ill., dismissed March 17, 2014).

Plaintiff's gum disease through a "mechanical cleaning [process] which consisted of scraping teeth by hand with a dental tool" (Doc. 1, p. 3).  This treatment allegedly had no effect on the progression of Plaintiff's gum disease, although he has no dental records to support the claim. Plaintiff now seeks "authenticated pharmaceutically based medication, in solid or liquid form" for the treatment of his gum disease.  He also requests photographs of his gums, in order to measure their deterioration.  Plaintiff alleges that he previously sued Defendant Chapman for the same conduct, and the case was dismissed (Doc. 1, p. 3).

**Motion for Leave to Proceed IFP (Doc. 6)**

Plaintiff initially filed this action without paying a filing fee or filing an IFP Motion. The Clerk of Court advised him of these requirements in a letter dated March 18, 2014 (Doc. 2). Plaintiff was given thirty days to pay the full filing fee or file a properly completed IFP Motion. He did neither.  On April 18, 2014, this Court ordered him to pay the fee or file an IFP Motion by May 2, 2014, or face dismissal of his case (Doc. 3).  Plaintiff requested an extension on May 1, 2014, and the Court granted his request the following day by extending the deadline to June 2, 2014 (Docs. 4-5).  Plaintiff timely filed an IFP Motion, which is now before the Court (Doc. 6).

In the IFP Motion, Plaintiff seeks leave to proceed in this case without prepayment of the Court's usual $400.00[2] filing fee in a civil case. *See* 28 U.S.C. § 1914(a).  Pursuant to 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the

---

[2]  Effective May 1, 2013, the filing fee for a civil case was increased to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court.  See Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee, and will be assessed a fee of only $350.00.

person is entitled to redress." 28 U.S.C. § 1915(a)(1).

In this case, Plaintiff's motion and affidavit are sufficient as to form, but the Court's inquiry does not end there. According to 28 U.S.C. § 1915:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

As noted earlier, Plaintiff brought the following actions during his imprisonment seeking redress from officers or employees of a governmental entity, that have been dismissed pursuant to 28 U.S.C. § 1915A on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: *Allen v. Chapman*, Case No. 11-cv-1130-MJR (S.D. Ill., dismissed Aug. 29, 2012); *Allen v. Godinez*, Case No. 12-cv-936-GPM (S.D. Ill., dismissed Oct. 18, 2012); *Allen v. Harrington*, Case No. 13-cv-725-GPM (S.D. Ill., dismissed Aug. 22, 2013); and *Allen v. Bower, et al.*, Case No. 13-cv-931-MJR (S.D. Ill., dismissed March 17, 2014). Because Plaintiff has accumulated more than three "strikes" for purposes of § 1915(g), he may not proceed IFP in this case unless he is under imminent danger of serious physical injury.

The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id.* at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)).

Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id*. at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

In this case, Plaintiff's complaint and his IFP motion are devoid of allegations that might lead the Court to conclude that Plaintiff is under imminent danger of serious physical injury. Nowhere in his pleadings does Plaintiff mention being in any sort of danger, let alone imminent danger. He complains about his dental care, which he claims is inadequate. He instead expresses a preference for pharmaceutical treatment and appears to be upset by the fact that the prison dentists are unaware of the availability of such treatment. It is unclear when Plaintiff was denied treatment or how long it persisted. In any event, none of the allegations remotely suggest that Plaintiff faced any imminent danger at the time he filed this action. He has not cleared the three-strike hurdle. The IFP Motion (Doc. 6) is therefore **DENIED**.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

When leave to proceed IFP is denied, a prisoner-plaintiff is ordinarily allowed to carry on with an otherwise meritorious action if he pre-pays the full filing fee. However, the instant complaint fails to survive the initial merits review required by 28 U.S.C. § 1915A. Under § 1915A, the Court is required to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to

relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. Applying these standards to the complaint (Doc. 1), Plaintiff's claims must be dismissed.

Plaintiff attempts to resurrect claims against Defendant Chapman that have *twice* been dismissed with prejudice. Plaintiff previously sued Defendant Chapman over virtually identical allegations in *Allen v. Chapman*, Case No. 11-cv-1130-MJR. The claim against Defendant Chapman was designated as Count 3 in that action, and was dismissed with prejudice as frivolous on Aug. 29, 2012. He also sued Defendant Chapman for this conduct in *Allen v. Bower, et al.*, Case No. 13-cv-931-MJR. The claim against Defendant Chapman was deemed to be "entirely frivolous," and that case was also dismissed with prejudice on March 17, 2014 (Doc. 16, p. 10). He is therefore barred from bringing this claim against Defendant Chapman, and it shall once again be dismissed as frivolous.

Plaintiff claim fares no better against Defendant Overall. The allegations are too vague to support a viable claim. He provides no dates when the alleged denial of pharmaceutical treatment occurred. Moreover, he does not claim that dental care was denied, but rather that his preferred treatment was not provided. Mere disagreement with a physician's chosen course of an

inmate's medical treatment does not amount to deliberate indifference under the Eighth Amendment.  *See Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003); *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001) (courts will not take sides in disagreements about medical personnel's judgments or techniques); *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996).  The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm."  *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).  Further, a difference of opinion between medical professionals concerning the treatment of an inmate will not support a claim for deliberate indifference.  *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006); *see also Garvin*, 236 F.3d at 898.  Accordingly, Plaintiff's claim against Defendant Overall for inadequate dental care shall also be dismissed as frivolous.

**<u>Disposition</u>**

For the reasons stated above, **IT IS HEREBY ORDERED** that Plaintiff's IFP Motion (Doc. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED with prejudice.** Defendants **CHAPMAN** and **OVERALL** are also dismissed from the action with prejudice.

Because Plaintiff's IFP Motion has been denied, it is **ORDERED** that Plaintiff shall pay the full filing fee of $400.00 for this action within **twenty-one (21) days** of the date of entry of this Order (on or before **July 15, 2014**).  If Plaintiff fails to comply with this Order in the time allotted by the Court, a separate order will issue for the prison Trust Fund Officer to deduct payments from Plaintiff's trust fund account until the $400.00 fee is paid in full.  Plaintiff incurred the obligation to pay the filing fee for this lawsuit when it was filed, and the obligation continues regardless of later developments in the lawsuit, such as denial of leave to

proceed IFP or dismissal of the suit.  *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Plaintiff is **ADVISED** that this dismissal shall count as another "strike" under the provisions of 28 U.S.C. § 1915(g).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

If Plaintiff wishes to appeal the dismissal of this case, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, because Plaintiff has "struck out" and has not shown that he is in imminent danger of serious physical injury, this Court will not grant him permission to proceed *in forma pauperis* on appeal.  Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).

**IT IS SO ORDERED.**

**DATED: June 24, 2014**

*s/J. Phil Gilbert*
United States District Judge
